IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| William J. Schumacher, on Behalf of himself and All Persons Similarly Situated, | ) ) ) | |
| Plaintiffs, | ) ) | Case No.: 1:09-CV-794 |
| v. | ) ) ) | |
| AK Steel Corporation (Formerly Armco Inc.) Retirement Accumulation Pension Plan, a Part of the AK Steel Corporation (Formerly Armco Inc.) Noncontributory Pension Plan, and AK Steel Corporation Benefit Plans Administrative Committee, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## FINAL JUDGMENT

On January 24, 2011, this Court entered an order granting Plaintiffs' motion for class certification. (Doc. 60) This Court certified a class defined as:

> All vested participants in the AK Steel Corporation (formerly Armco Inc.) Retirement Accumulation Pension Plan who retired or were terminated from employment on or after January 1, 1995, and who received their pension benefits under the Plan in the lump sum form of payment on or after February 1, 1996 and before August 17, 2006, and were previously excluded from the class certified in West v. AK Steel Ret. Accumu. Pension Plan, Case No. 1:02-cv-001, because of their execution of a Severance Agreement and Release.

On June 27, 2011, this Court granted partial summary judgment to Plaintiff, finding that the Severance Agreements executed by the Class members did not encompass the claims asserted in this litigation. (Doc. 87) It was uncontested, based on the West decision, that the method Defendants used to calculate Plaintiffs' lump sum retirement payments violated certain provisions of ERISA. (*Id.* at 1-2)

The parties have stipulated, after consultation with their respective experts and using the methodology adopted in West, to the damages sustained by each Class member. The amount due to each Class member has been filed under seal. The total amount due the Class is $3,010,060.24.

The parties have filed briefs on the issue of prejudgment interest. As stated fully in its Order of October 12. 2011, this Court has determined that prejudgment interest is appropriate. (Doc. 114) As further stated in that Order, this Court found that the post-judgment rate found in 28 U.S.C. § 1961(a), compounding annually since the date of each Class member's date of distribution, should be applied as the pre-judgment interest rate until the entry of this Judgment. (*Id.*) The total amount of prejudgment interest due the Class, as of October 31, 2011, is $29,094.29. The amount due to each Class member has been filed under seal.

The Court is required to award a prevailing plaintiff post-judgment interest, at the rate defined by 28 U.S.C. §1961(a), on the total judgment inclusive of prejudgment interest. Caffey v. UNUM Life Ins. Co., 302 F.3d 576, 585 (6th Cir. 2002). Accordingly, post-judgment interest shall accrue at the rate of 0.12% per annum on the total judgment until the date the judgment is paid in full by Defendants.

Therefore, in accordance with the Court's previous orders, the Court awards Plaintiffs $3,010,060.24 in damages and $29,094.29 in prejudgment interest, to be paid by Defendants. Post-judgment interest shall accrue on the total amount, $3,039,154.53, at the rate of 0.12% per annum until paid.

Pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure, Defendants shall pay the court costs of this litigation. Pursuant to Local Rule 54.1(a), Plaintiffs' counsel shall provide a verified list of costs to Defendants within 14 days of the entry of this Judgment.

Any petition for fees and reimbursement of expenses shall be submitted by __1/26/12__ [date certain, pursuant to L.R. 54.2, 45 days from entry of judgment]

This Court further finds that there is no just reason to delay enforcement of this Judgment.

IT IS SO ORDERED.

DATED: __12/12__, 2011

s/Sandra S. Beckwith
Sandra S. Beckwith, Senior District Judge
United States District Court