IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| William J. Schumacher, on Behalf of himself and All Persons Similarly Situated,   ) ) ) | |
| Plaintiffs,   ) ) | Case No.: 1:09-CV-794 |
| v.   ) ) | Hon. Sandra Beckwith |
| AK Steel Corporation (Formerly Armco Inc.) Retirement Accumulation Pension Plan, a Part of the AK Steel Corporation (Formerly Armco Inc.) Noncontributory Pension Plan, and AK Steel Corporation Benefit Plans Administrative Committee,   ) ) ) ) ) ) ) ) | |
| Defendants.   ) | |

### DECLARATION OF SETTLEMENT ADMINISTRATOR CONCERNING THE FINAL FUND DISTRIBUTION

I, Josephine Bravata, declare:

1. I respectfully submit this declaration in order to provide the Court and the parties to the above-captioned litigation with information regarding the request to distribute funds to the final Class member, William R. Long. I am over 21 years of age and am not a party to this action. I have personal knowledge of the facts set forth herein.

2. I am the Quality Assurance Manager of Strategic Claims Services ("SCS"), a nationally recognized class action administration firm. I have over twelve years of experience specializing in administration of class action cases. SCS was established in April 1999 and has administered over three-hundred (300) class action cases since its inception.

3. The Court approved SCS to serve as Fund Administrator in the above-captioned litigation.

1

4. SCS sent the forms to the addresses provided by AK Steel. For "William R. Long," the address provided was in Bradenton, Florida.

5. These forms were returned by William Long. However, the Social Security number on the form did not match the one provided by AK Steel.

6. We alerted Class counsel to the mismatch. Class counsel subsequently informed us that the address provided by AK Steel was for William N. Long, who is not a Class member, instead of William R. Long.

7. We sent new forms to William R. Long in Renfrew, Pennsylvania. On March 18, 2014, we received the completed forms from William R. Long. The Social Security number provided on the forms matches the one on file.

8. We have previously submitted a chart under seal, prepared by Class counsel, showing the gross award to each Class member, their *pro rata* share of attorney's fees based on the amount recovered, and their final net distribution amount. SCS has independently reviewed this chart and believes that it correctly reflects the allocation of attorney's fees and the amount each individual will receive net of fees.

9. This chart includes the amounts due to William R. Long.

10. After the distribution to Mr. Long, there will be $0.01 remaining in the Judgment Fund. This appears to be an overpayment to the Fund.

11. Class counsel has informed us of his suggestion to distribute the extra $0.01 to Mr. Long. Since the cost of distributing funds to Mr. Long is already fixed, this suggestion makes good economic sense. The cost of writing and mailing a check for $0.01 to another person or entity exceeds this amount.

Signed this 20th day of March 2014, in Media, Pennsylvania.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are wilfully false, I am subject to punishment.

_____
Josephine Bravata